Thomas E. Willoughby
HILL RIVKINS & HAYDEN LLP
45 Broadway, Suite 1500
New York, New York, 10006
(212) 669-0600

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
HOME DEPOT USA, INC. and
DELPHI CORPORATION,

                                Plaintiffs,

       - against -

M/V HYUNDAI CONFIDENCE, her engines, tackle,
boiler, etc., *in rem*, MITSUI O.S.K. LINES, LTD.
and APL CO. PTE. LTD., *in personam*

                                Defendants.
-------------------------------------------------------------X

Index No.

**COMPLAINT**

       The plaintiffs herein, by their attorneys, Hill Rivkins & Hayden LLP, complaining of the above named vessel and defendants, allege upon information and belief:

       **FIRST:**    This Court has jurisdiction pursuant to 28 U.S.C. 1331(a) in that this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

       **SECOND:**    At and during all the times hereinafter mentioned, plaintiffs had and now have the legal status and principal offices and places of business stated in Schedule A hereto annexed and by this reference made a part hereof.

**THIRD:** At and during all times hereinafter mentioned, defendants had and now have the legal status and offices and places of business stated in Schedule A, and were and now are engaged in business as common carriers of merchandise by water for hire, and owned, operated, managed, chartered, and controlled the above named vessel which now is or will be within the jurisdiction of this Court during the pendency of this action. Defendants not only issued liner bills of lading but entered into long term service contracts with their respective cargo plaintiffs who explicitly do not waive any rights they may have under either contract.

**FOURTH:** On or about the date and at the ports of shipment stated in Schedule A, there were delivered to the vessel and defendants in good order and condition the shipments described in Schedule A, which the said vessel and defendants received, accepted and agreed to transport for certain consideration to the ports of destination stated in Schedule A.

**FIFTH:** Thereafter, the said cargoes failed to arrive at the ports of destination described in Schedule A, and the cargoes were therefore not delivered in the same good order and condition in which they were received.

**SIXTH:** Defendants, by reason of the premises, breached their duties to the plaintiffs as common carriers by water for hire and as service contractors and were otherwise at fault.

**SEVENTH:**   Plaintiffs were the shippers, consignees or owners or otherwise had a proprietary interest of and in the cargoes as described in Schedule A, and bring this action on their own behalf and, as agents and trustees, on behalf of and for the interest of all parties who may be or become interested in the said shipments, as their respective interests may ultimately appear, and plaintiffs are entitled to maintain this action.

**EIGHTH:**   Plaintiffs have performed all duties and obligations on their part to be performed.

**NINTH:**   By reason of the premises, plaintiffs have sustained damages as nearly as same can now be estimated, no part of which has been paid, although duly demanded, in the amount of $450,000.00.

W H E R E F O R E, plaintiffs pray:

1.   That process in due form of law according to the practice of this Court may issue against the defendants.

2.   That if the defendants cannot be found within this District, that all of their property within this District be attached in the sum set forth in this complaint, with interest and costs.

3.   That a decree be entered in favor of plaintiffs against defendants and the

vessel for the amount of plaintiffs' damages, together with interest and costs.

4. That process in due form of law according to the practice of this Court may issue against the aforesaid named vessel.

5. Plaintiffs further pray for such other, further and different relief as to this Court may seem just and proper in the premises.

Dated: New York, New York
       June 3, 2008

                       HILL RIVKINS & HAYDEN
                       Attorneys for Plaintiffs

      By: _____
            Thomas E. Willoughby
            45 Broadway, Suite 1500
            New York, New York 10006
            (212) 669-0600

## SCHEDULE A

**Plaintiffs' legal status and place of business:**

HOME DEPOT USA, INC. is a corporation organized under the laws of Delaware with a principal place of business at 2455 Paces Ferry Road, Building C, 15th Floor, Atlanta, Georgia 30339.

DELPHI CORPORATION is a corporation organized under the laws of one of the states of the United States with a principal place of business at 5725 Delphi Road, Troy, Michigan 48098.

**Defendants' legal status and place of business:**

MITSUI O.S.K. LINES, LTD. is a corporation with a place of business at 160 Fieldcrest Avenue, Edison, New Jersey 08818

APL CO. PTE. LTD. is a corporation with a place of business at 100 Central Avenue, Building 40C, South Kearny, New Jersey 07032,

|   |   | 1) | | 2) | |
|---|---|---|---|---|---|
| | Date of Shipment: | January 19, 2007 | | January 23, 2007 | |
| | Port of Loading: | Xinhoi, China | | Busan, Korea | |
| | Port of Discharge: | Long Beach | | Long Beach | |
| | Place of Delivery: | Houston | | Athens, Georgia | |
| | Shipper: | Maersk Logistics | | Korea Delphi Automotive Systems | |
| | Consignee: | Home Depot USA, Inc. | | Corporate Warehouse Services | |
| | Notify: | Maersk Customs Services, Inc. | | Delphi Saginaw Steering Systems | |
| | Description of Shipment: | Containers of Home Furnishings | | Containers of Automotive Parts | |
| | Nature of Loss or Damage: | Non-delivery | | Non-delivery | |